Wiley
v.
Brattain.

---

## Wiley *v.* Brattain.

APPEAL from the *Hendricks* Court of Common Pleas. Monday, December 12.

Worden, J.—Suit by *Brattain* against *Wiley* to recover the value of three hundred bushels of apples. Trial by the Court; finding and judgment for the plaintiff.

The appellant makes two points in the case—

1. That there was a trial without an issue upon several paragraphs of his answer.

2. That judgment for costs should have been rendered in his favor.

As we understand the record, there was a replication in denial filed to all the affirmative paragraphs of the defendant's answer; hence, there is nothing in the first point.

It appears by a bill of exceptions that the plaintiff proved his claim as stated in the complaint, to the amount of only 31 dollars, 25 cents, which was reduced by an off-set of two dollars; thus reducing the plaintiff's claim to 29 dollars, 25 cents, for which he had judgment.

The second paragraph of the complaint (the first being non-prossed), is as follows, viz.:

"And plaintiff further complains and says that said de-fendant is indebted to him, the said plaintiff, in the sum

Nov. Term,
1859.

of 75 dollars, for three hundred bushels of apples (the property of said plaintiff) of the value of 75 dollars, or 25 cents per bushel, which were, on or about the 25th day of *October*, 1857, taken and carried away from plaintiff's orchard, in said county of *Hendricks*, by said defendant, without the license of him, the said plaintiff; wherefore, he demands judgment for 100 dollars."

This paragraph, we think, sounds in tort, and not in contract. It is, in substance, a count in trespass *de bonis asportatis*. Although all distinction between forms of actions is abolished, yet, for the purpose of determining the question involved as to costs, it is necessary to ascertain whether the action is in substance based upon a contract or upon a tort. By § 397 of the code, it is provided that "in actions for money demands on contract," in certain cases, the plaintiff, unless he recover 50 dollars, shall pay costs. This action, however, being based upon tort, and not upon contract, is not within the provisions of the section cited, and the plaintiff was entitled to costs.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

